UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. FAZIO, et al., | No. 2:14-cv-2574-TLN-KJN-PS |
| Plaintiffs, | |
| v. | ORDER |
| FEDERAL HOME LOAN MORTGAGE CORPORATION, et al., | |
| Defendants. | |

Presently before the court is plaintiffs' ex parte application for an order to stay proceedings in this case until plaintiffs' pending motion to remand has been decided, filed November 21, 2014. (ECF No. 25.) Plaintiffs, who are proceeding without the assistance of counsel, requested to have this application heard on November 21, 2014, the same day they filed their application. However, a review of plaintiffs' application reveals that oral argument would not materially aid the resolution of this matter. Accordingly, the court resolves the application on the moving papers and the present record. See Fed. R. Civ. P. 78(b); E.D. Cal. L.R. 230(g). For the reasons that follow, the court denies plaintiffs' ex parte application.

I.   Background

Plaintiffs Michael Fazio and Kim Fazio filed their complaint in the El Dorado County Superior Court on September 15, 2014, alleging claims for "wrongful foreclosure," fraud, and "cancellation of documents" against defendants Federal Home Loan Mortgage Corporation

1

("Freddie Mac"), JPMorgan Chase Bank National Association ("JPMorgan"), MTC Financial d/b/a Trustee Corps, and Joseph V. Quattrocchi (collectively "defendants") relating to defendants' foreclosure actions concerning plaintiffs' home loan. (ECF No. 1, Exhibit A.) On November 13, 2014, defendant Freddie Mac filed a notice of removal to this court pursuant 12 U.S.C § 1452(f) and 28 U.S.C. § 1442. (ECF No. 1.) On November 11, 2014, defendants Freddie Mac and JPMorgan filed a motion to dismiss, which is presently noticed for a hearing before the undersigned on December 11, 2014. (ECF No. 10.) On November 12, 2014, defendant MTC Financial filed its own motion to dismiss, which is presently noticed for a hearing before the undersigned on January 15, 2015. (ECF No. 18.) Also on November 12, 2014, plaintiffs filed a document styled as "objections" to the notice of removal, which the court subsequently construed as a motion to remand this case to state court.[1] (ECF Nos. 19, 23.) On November 20, 2014, plaintiffs' re-noticed their motion for remand for a hearing before the undersigned, which is currently set for January 8, 2015. (ECF No. 24.)

## II. Plaintiffs' Ex Parte Application

In their ex parte application, plaintiffs request that the court issue an order staying the deadline for plaintiffs to file an opposition to defendants' motions to dismiss until at least 14 days after the court decides plaintiffs' pending motion to remand. It appears from the application that plaintiffs seek such a stay in order to delay the court's ruling on the pending motions to dismiss, one of which is noticed for a hearing almost a month prior to the hearing scheduled for plaintiffs' motion to remand, until after the court has decided plaintiffs' motion to remand.

The court has inherent authority to manage the cases before it, which includes the authority to issue an appropriate stay. Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and

---

[1] After construing plaintiffs' filing as a motion to remand, the court noted that plaintiffs' motion was deficient because plaintiffs had not noticed it for a hearing and directed plaintiffs "to notice this motion for a hearing before the assigned Magistrate Judge in compliance with Local Rule 230(a)-(b)." (ECF No. 23.) Plaintiffs subsequently re-noticed their motion for a hearing before the undersigned in compliance with the court's order.

1   for litigants. How this can best be done calls for the exercise of judgment which must weigh
2   competing interests and maintain an even balance."); Dependable Highway Exp., Inc. v.
3   Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007). "To evaluate whether to stay an action,
4   the Court must the weigh competing interests that will be affected by the grant or refusal to grant
5   a stay, including: (1) the possible damage which may result from the granting of a stay; (2) the
6   hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly
7   course of justice measured in terms of simplifying or complicating of issues, proof, and questions
8   of law which could be expected to result from a stay." Gorrell v. Sneath, 2013 WL 4828693, at
9   *1 (E.D. Cal. Sept. 9, 2013) (citing CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962) (citing
10  Landis, 299 U.S. at 254-55)).

11          "The proponent of a stay bears the burden of establishing its need." Clinton v. Jones, 520
12  U.S. 681, 708 (1997) (citing Landis, 299 U.S. at 255). "If there is even a fair possibility that the
13  stay . . . will work damage to some one else," the party seeking the stay "must make out a clear
14  case of hardship or inequity." Landis, 299 U.S. at 255. Ultimately, it is within the court's
15  discretion to grant or deny a stay. Dependable Highway Express, Inc., 498 F.3d at 1066.

16          Here, plaintiffs assert that the requested stay is necessary for the court to resolve
17  plaintiffs' motion to remand prior to adjudicating defendants' motions to dismiss because the
18  motions to dismiss would be moot if the court were to grant plaintiffs' motion to remand.
19  Plaintiffs further argue that the stay would "promote judicial economy and preserve the parties'
20  respective resources" because the stay would allow the parties to delay briefing on the motions to
21  dismiss until after the motion to remand is resolved. (ECF No. 25 at 2-3.) Plaintiffs claim that if
22  the stay were not granted, they would have to simultaneously prepare their oppositions to the
23  motions to dismiss and their reply to their motion to remand, which would cause them hardship
24  because their oppositions to the motions to dismiss will likely take substantial amounts of time
25  and resources to prepare. (Id. at 3.) Plaintiffs further argue that defendants would not be
26  prejudiced by the proposed stay because defendants will not be required to expend further
27  resources preparing a reply to their motions to dismiss until after the court decides plaintiffs'
28  motion and because a scheduling order has not yet been issued in this case. (Id.)

1      As an initial matter, the court finds unpersuasive plaintiffs' assertion that the requested
2 stay is warranted because it would relieve plaintiffs of the burden of needing to simultaneously
3 prepare their further briefing with respect to their motion to remand and their oppositions to the
4 pending motions to dismiss.  While the court is sympathetic to the particular difficulties plaintiffs
5 face in proceeding with this action without the assistance of counsel, plaintiffs are still bound to
6 proceed in accordance with the Federal Rules of Civil Procedure and this court's Local Rules,
7 including any rules concerning filing deadlines, just as a party proceeding with counsel must do.[2]
8 The fact that plaintiffs may be required to prepare further briefing with respect to both their own
9 motion and defendants' motions to dismiss during the same time frame does not warrant the
10 requested stay.
11      While the court finds plaintiffs' argument that their motion to remand should be decided
12 before defendants' motions to dismiss to be somewhat more compelling, that argument also does
13 not warrant plaintiffs' proposed stay because plaintiffs' concern regarding the possibility that the
14 court might decide one or both of the pending motions to dismiss prior to determining whether
15 this case should be remanded for lack of jurisdiction is better alleviated by less burdensome
16 means.  Accordingly, in the interests of judicial efficiency, the court will continue the hearing on
17 the motion to dismiss filed by defendants Freddie Mac and JPMorgan (ECF No. 10) from
18 December 11, 2014, to January 15, 2015, so the court can address and decide plaintiffs' motion to
19 remand prior to hearing defendants' pending motions to dismiss.  Furthermore, this continuance
20 will also allow the court to simultaneously hear both pending motions to dismiss, which appear to
21 assert similar arguments.
22      Plaintiffs' have not established that a stay of further proceedings in this case until at least
23 14 days after plaintiffs' motion to remand is decided is necessary.  See Clinton, 520 U.S. at 708.
24 Accordingly, plaintiffs' ex parte application is denied.  The parties shall file their further briefing

---

[2] Local Rule 183(a) states, in pertinent part: "Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on 'counsel' by these Rules apply to individuals appearing in propria persona." See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

with respect to all currently-pending motions in accordance with the relevant local rules.  In particular, plaintiffs are informed that they are obligated to timely oppose defendants' pending motions to dismiss in accordance with the briefing timeline provided by Local Rule 230.[3]

### III.  Conclusion

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's ex parte application to stay proceedings (ECF No. 25) is DENIED.

2. The December 11, 2014 hearing on defendants Freddie Mac and JPMorgan's motion to dismiss (ECF No. 10) is CONTINUED to January 15, 2015, at 10:00 A.M.

IT IS SO ORDERED.

Dated:  November 25, 2014

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[3] Local Rule 230(c) states, in relevant part:  "Opposition, if any, to the granting of [a] motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date."